## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1070


JAMES DUPLANTIS AND KATHLEEN DUPLANTIS

VERSUS

VICTOR MILLER AND KENT ARMENTOR CONSTRUCTION, L.L.C.



**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-249-13
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


John J. Simpson
Stockwell, Sievert, Viccellio, Clements & Shaddock L.L.P.
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR PLAINTIFFS/APPELLANTS:
     James Duplantis
     Kathleen Duplantis

Emile Joseph, Jr.
Allen & Gooch
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70508-6180
(337) 291-1310
COUNSEL FOR DEFENDANT/APPELLEE:
     Mueller Supply Co., Inc.

**Paul D. Palermo**
**Blue Williams, LLP**
**3421 N. Causeway BoulEvard, Suite 900**
**New Orleans, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Victor Miller**

**James F. DeRosier**
**125 W. School Street**
**Lake Charles, LA 70606-4902**
**(337) 474-0820**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Kent Armentor Construction, L.L.C.**

**PETERS, J.**

The plaintiffs, James and Kathleen Duplantis, appeal the trial court's grant of a summary judgment in favor of Mueller Supply Company, Inc., one of the defendants in this litigation, dismissing all of their claims against that defendant. For the following reasons, we affirm the trial court's grant of the summary judgment.

## DISCUSSION OF THE RECORD

This litigation arises from activities associated with a July 2011 contract entered into between the plaintiffs and Victor Miller, wherein Mr. Miller agreed to construct a residence on immovable property owned by the plaintiffs in Jennings, Jefferson Davis Parish, Louisiana. The plaintiffs chose a metal roof manufactured by Mueller Supply Company, Inc. (Mueller Supply) for their residence, and Mr. Miller entered into a subcontract with Kent Armentor Construction, L.L.C. (Armentor Construction) for the installation of the roof. When construction defects prevented the plaintiffs from moving into their new home, they initially brought a suit for damages against Mr. Miller and Armentor Construction, but later added Mueller Supply as a defendant.

In their initial petition for damages filed on April 12, 2013, the plaintiffs identified sixteen defects in the construction of the home, most of which were related directly or indirectly to the defective installation of the roof by Armentor Construction. With regard to Armentor Construction's liability, the plaintiffs asserted that the company failed to install the roof in a good and workmanlike manner in that it used materials which did not meet the plans and specifications of the project, nor did the materials meet the specifications for the roof set forth by Mueller Supply.

On August 13, 2013, the plaintiffs filed an amending petition, wherein it asserted additional damage to the structure and added Mueller Supply as a party defendant. As to their claim against Mueller Supply, the plaintiffs asserted that before choosing a roof for their home, they searched the internet for the right manufacturer. In doing so, they chose Mueller Supply based on the following statement on Mueller Supply's website:

> You can depend on Mueller and Mueller Assurance to provide assistance with the installation of your metal roof. By choosing Mueller as your single source supplier, you get skilled professionals to measure your roof and we will refer a trained independent contractor for the installation.

The plaintiffs further asserted in their amending petition that they informed Mr. Miller of their choice of a Mueller Supply roof and that Mr. Miller subcontracted with Armentor Construction for the roof installation. The plaintiffs' complaint against Mueller Supply is that "[u]pon information and belief, at no time did MUELLER offer guidance or assistance in the installation of its product[,]" and that this failure on the part of Mueller Supply contributed to Armentor Construction's failure to install the roof properly. This failure on the part of Mueller Supply, according to the plaintiffs, resulted in a breach of promise by Mueller Supply, or in the alternative, unjust enrichment of Mueller Supply at the expense of the plaintiffs.

Mueller Supply initially responded to the amended petition on September 17, 2013, by filing peremptory exceptions of no cause and no right of action. In the exceptions, Mueller Supply asserted that the plaintiffs did not purchase the roof and, therefore, had no contract with it; and that because the claim was for defective workmanship by Armentor Construction, the plaintiffs' claims were governed

2

exclusively by the Louisiana Products Liability Act (LPLA), La.R.S. 9:2800.51 et seq., and that the LPLA provided no right or cause of action against it.

At the November 12, 2013 hearing on the exceptions, Mueller Supply argued to the trial court that the plaintiffs' allegations were that the roof was not installed correctly and that the only allegation against Mueller Supply related to the content of the website.[1] Neither of these allegations, according to Mueller Supply, gave rise to a cause or right of action against it. On the other hand, the plaintiffs argued to the trial court that when Mueller Supply came to the property and measured to determine how much roofing would be required, it became involved in the project, and the LPLA did not preclude other causes of action against it. In rejecting the exceptions, the trial court stated the following:

> My position is I don't think the product liability statute precludes [the plaintiffs] from bring any action against [Mueller Supply]. I believe that because of the fact that [Mueller Supply] went out there and measured the house [it] became involved. The advertisement then applies at that time. I don't know how much it is so I am going to deny [Mueller Supply's] exceptions of no right and no cause of action.[2]

On November 27, 2013, Mueller Supply filed an answer to the plaintiffs' pleadings which basically raised the same defenses. The issue now before us arises from Mueller Supply filing a motion for summary judgment on May 14, 2014.

At a June 24, 2014 hearing, the trial court rendered judgment granting summary judgment in favor of Mueller Supply and dismissing all claims raised by the plaintiffs against that defendant. Thereafter, the trial court executed two written judgments addressing its decision of June 24, 2014. On July 1, 2014, the

---

[1] Neither litigant offered evidence at the hearing.

[2] The trial court did not sign a judgment to this effect until December 27, 2013.

trial court executed the first written judgment, wherein it simply stated that it granted Mueller Supply's motion for summary judgment. It executed the second judgment on October 27, 2014, wherein it granted the motion *and* dismissed all of the plaintiffs' claims against Mueller Supply.

In their appeal, the plaintiffs assert one assignment of error:

> The Trial Court committed legal error by dismissing all the claims of the Appellants in violation of LSA-C.C.P. Art. 966(F)(1) which restricts a trial court from granting summary judgment on issues not set forth in the Motion for Summary Judgment.

## OPINION

It is well settled that an appellate court reviews a trial court's grant of summary judgment using the same criteria that governs the trial court's decision in granting the motion. *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566 (La. 7/2/12), 94 So.3d 750. Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). With regard to the evidentiary requirements of a summary judgment action, La.Code Civ.P. art. 966(B)(2) provides in pertinent part that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

With regard to the burden of proof applicable to a summary judgment proceeding, La.Code Civ.P. art. 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential

4

elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In granting summary judgment in favor of Mueller Supply, the trial court stated the following at the end of the June 24, 2014 hearing:

> All right. The Court - - there is no material issue of fact in this case 'cause both parties have agreed on what the - - Mr. Duplantis read and what he thought. So there's no issue of fact here, and the Court cannot find with those facts being undisputed any cause of action or any claim or remedy against Mueller, all right, at this time, because he did not ask for assistance, his contractor did not ask for assistance, and I find that there is no remedy under law for the Duplantises against Mueller at this time, and I'm granting the motion for summary judgment.

With regard to the judgment a trial court may issue in considering a motion for summary judgment, La.Code Civ.P. art. 966(F)(1) (emphasis added) provides that "[a] summary judgment may be rendered or affirmed *only as to those issues set forth in the motion* under consideration by the court at that time." On appeal, the plaintiffs' primary argument is that the trial court rendered judgment dismissing causes of action raised by them but not addressed in Mueller Supply's motion for summary judgment. Specifically, the plaintiffs argue that in its motion for summary judgment, Mueller Supply merely repeated its argument from its peremptory exceptions that the plaintiffs' sole remedy is in the LPLA. We find no merit in this argument.

Mueller Supply's motion for summary judgment states that "for the reasons more fully set forth in the exhibits attached hereto and the attached memorandum, it is entitled to a summary judgment[.]" The attached exhibits are:

A.    Original Petition filed by the Petitioners;

5

B.   Amended Petition filed by the Petitioners;

C.   Discovery responses from Petitioner;

D.   Responses to Request for Admission of Fact from Petitioners; and

E.   Deposition excerpts from the deposition of Petitioner, James Duplantis.

In its memorandum, Mueller Supply summarized the issues in the litigation to be as follows:

> By way of an amended petition (attached as Exhibit B to the motion), Duplantis named Mueller as a defendant maintaining that Mueller was responsible for the defective construction of the roof because it failed to supervise and/or provide assistance to the roofing contractor in the installation of the roof. As addressed below, Mueller contends that it was not involved in the construction of the residence, did not control or provide oversight in connection with the installation of the metal roof, and absent any allegation that the metal roof itself is defective, owes no obligation to the Petitioners.

Both litigants acknowledge that the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La.R.S. 9:2800.52. They also acknowledge that the underlying claim in this litigation is not one for damages caused by Mueller Supply's product, but a claim for defective workmanship in installing the roof; and that the LPLA does not eliminate other causes of action against the manufacturer arising directly from its actions, including claims of failure to perform and unjust enrichment. *Triche v. McDonald's Corp.*, 14-318 (La.App. 5 Cir. 10/29/14), ___ So.3d ___; *Lavergne v. Am.'s Pizza Co., LLC*, 02-889 (La.App. 3 Cir. 2/5/03), 838 So.2d 845.

Mueller Supply asserted, and the trial court agreed, that the plaintiffs cannot bear the burden of proof on those issues arising outside the LPLA, because no contractual relationship existed between it and the plaintiffs, and, therefore, it owed no performance obligation; and that reliance on the website posting does not

6

establish liability on the part of Mueller Supply, because neither the plaintiffs, Mr. Miller, nor anyone from Armentor Construction requested assistance with the installation of the roof.

Thus, while not specifically identifying the asserted causes of action by name, Mueller Supply did raise them in the motion for summary judgment, and the trial court did not violate the provisions of La.Code Civ.P. art. 966(F)(1) in addressing and disposing of them.

Nor do we find any merit in the plaintiffs' argument that the trial court's ruling on the peremptory exceptions disposed of the issues raised in the motion for summary judgment. In that ruling, the trial court merely concluded that the LPLA was not the plaintiffs' exclusive remedy, but the trial court clearly did not affirm the viability of any other asserted causes of action. Rather, the trial court left those issues to a later day, when it would have a complete record for consideration of those issues. That day came with the consideration of this motion for summary judgment.

With regard to the merits of the ruling itself, we note that the plaintiffs' memorandum and exhibit establish that both of their asserted causes of action arises from the assurance language of the website, as previously set out in this opinion. This language, according to the plaintiffs, caused them to believe that Mueller Supply would provide supervision of the installation of the roof itself. However, a clear reading of the language on the website establishes that Mueller Supply assumed no supervisory authority in a roof installation project, it merely offered "assistance." In fact, Mueller Supply did provide assistance by measuring the roof and providing Armentor Construction with an estimate of the amount of

7

roofing material that would be needed.[3]  Past that point, neither the plaintiffs, Mr. Miller, nor a representative of Armentor Construction sought any assistance from Mueller Supply in the installation of the roof.  The plaintiffs' expectation that a representative of Mueller Supply would remain on site and supervise the installation of the roof is not supported by the content of the website.[4]

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Mueller Supply Company, Inc., and against James and Kathleen Duplantis, dismissing all of the claims of James and Kathleen Duplantis against Mueller Supply Company, Inc.  We assess all costs of this appeal to James and Kathleen Duplantis.

**AFFIRMED.**

---

[3] In his deposition testimony, Mr. Duplantis suggested that he was concerned that he had purchased more roofing material than needed, but he presented no evidence to support this concern.  In fact, he acknowledged that he had no evidence other than his personal concern, he was not present on the construction site during the measuring process, and he never made any effort to see if that which was purchased was in fact delivered.

[4] We also note that while the plaintiffs assert in their pleadings that Armentor Construction was selected from a list of trained independent contractors approved by Mueller Supply, the summary judgment evidence does not support that factual assertion.

8