# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-898

VIRGIL MCCOY

VERSUS

TOWN OF ROSEPINE, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,849, DIV. A
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Amy, J., dissents and assigns reasons.

Genovese, J., dissents for the reasons assigned by Judge Amy and also assigns additional reasons.

**Jason R. Bell**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Virgil McCoy**

**Bradley J. Gadel**
**Bradley J. Gadel, APLC**
**728 Jackson Street**
**Alexandria, LA 71301**
**(318) 448-4406**
**COUNSEL FOR INTERVENOR/APPELLANT:**
     **Cleco Corporation**

**Robert A. Mahtook, Jr.**
**Mahtook & LaFleur, LLC**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Rosepine Seniors Apartments Partnership, a Louisiana Partnership in**
     **Commendam**
     **MAC-RE, LLC**
     **Scottsdale Insurance Company**

**Gregory A. Grefer**
**Maricle & Associates**
**#1 Sanctuary Boulevard, Suite 202**
**Mandeville, LA 70471**
**(985) 727-5021**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Town of Rosepine**

PETERS, J.

The plaintiff, Virgil McCoy, and the intervenor, Cleco Corporation, appeal the trial court's grant of two summary judgments dismissing their claims against the defendants, Rosepine Seniors Apartments Partnership,[1] MAC-RE, LLC, Scottsdale Insurance Company, and the Town of Rosepine. For the following reasons, we reverse the trial court judgment and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On July 2, 2012, Mr. McCoy, an employee of Cleco Corporation (Cleco), sustained an injury to his left foot and ankle while working on an electric meter located on the side of a building comprising part of an apartment complex known as Rosepine Apartments 1 in Rosepine, Vernon Parish, Louisiana. His injury occurred when he stepped into an uncovered water meter, located in close proximity to the building where he was working, and fell backwards into shrubs growing along the building.

In his original and supplemental pleadings, Mr. McCoy named a number of defendants whom he claimed were liable to him for the injuries. Additionally, Cleco intervened in Mr. McCoy's suit to recover the workers' compensation benefits it had paid on his behalf as a result of the accident. Subsequent pleadings by Mr. McCoy and Cleco resulted in the dismissal of all defendants except the Town of Rosepine; Rosepine Seniors Apartments Partnership; MAC-RE, LLC; and Scottsville Insurance Company (hereinafter collectively referred to as "the defendants").

---

[1] Rosepine Seniors Apartments Partnership is described in the record as a Louisiana Partnership in Commendam.

This appeal arises because the trial court granted the defendants' motions for summary judgment dismissing both Mr. McCoy's and Cleco's claims against them. The trial court granted the defendants relief based on their argument that the uncovered water meter was an open and obvious hazard presenting no unreasonable risk of harm. Both Mr. McCoy and Cleco appeal this judgment.

In his appeal, Mr. McCoy raises one assignment of error:

> The Trial Court erred in granting Defendants' motion for summary judgment where there were genuine issues of material fact concerning whether the uncovered water meters constituted an unreasonable risk of harm.

Cleco raises four assignments of error in its appeal:

1. The trial judge erred in granted [sic] defendant's [sic] motion for summary judgment, and otherwise holding that the uncovered water meter constituted an open and obvious hazard, as opposed an unreasonably dangerous condition, and dismissing intervenor's lawsuit.

2. The trial judge erred as a matter of law in finding that there was no genuine issue as to any material fact that plaintiff and intervenor could not prove all elements of their case at trial on the merits and otherwise finding that defendants had no duty as a matter of law to protect plaintiff and pedestrians from the conditions present.

3. The trial judge erred as a matter of law by not holding that reasonable persons could disagree about whether Rosepine Apartments' action in the water meter hole uncovered constituted leaving an unreasonable risk of harm, and therefore should have been deemed a genuine issue of material fact.

4. The trial judge erred in finding that genuine issues of material fact do indeed exist that may or may not affect the respective degree of fault of the parties in applying comparative negligence, commensurate with a proper duty risk analysis as dictated by the Louisiana Supreme Court.

## OPINION

Louisiana Code of Civil Procedure Article 966 has been amended significantly over the past three years, and the rules applicable to summary

judgment procedure depend on when a summary judgment might be filed and considered. In this case, three of the four defendants (Rosepine Seniors Apartments Partnership; MAC-RE, LLC; and Scottsville Insurance Company) filed their motion for summary judgment on September 29, 2014, and the Town of Rosepine filed its motion for summary judgment on November 14, 2014. The trial court heard the motions on November 24, 2014, and executed a written judgment the next day. We will consider the summary judgments based on the version of La.Code Civ.P. art. 966 in effect at the time of the hearing.[2]

Despite the recent amendments to La.Code Civ.P. art. 966, the appellate standard of review with regard to summary judgment decisions has remained the same. "Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755. Furthermore, nothing in the recent amendments changed the legislative assertion that summary judgment procedure is "favored" and is "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).

Summary judgment, itself, shall be rendered:

> [I]f the *pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits*, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(B)(2) (emphasis added).

---

[2] Louisiana Code of Civil Procedure Article 966 had last been amended before the filing and hearings of these motions by 2014 La. Acts, No. 187, § 1, effective August 1, 2014.

Pertinent to this appeal is the question of who bears the burden of proof. Pursuant to La.Code Civ.P. art. 966(C)(2), the burden remains with the movant:

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The underlying claim at issue in this matter arises from La.Civ.Code art. 2317, as modified by La.Civ.Code art. 2317.1. Louisiana Civil Code Article 2317 provides responsibility "for the damage occasioned by our own act," as well as the damage "caused by the act of persons for whom we are answerable, or of the things which we have in our custody." This responsibility is modified by the articles that follow, including particularly La.Civ.Code art. 2317.1, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Thus, in order to prevail in a cause of action based on La.Civ.Code art. 2317.1, a plaintiff must prove: (1) that the defendant had custody of the thing; (2) that it had a vice or defect that presented an unreasonable risk of harm; (3) that the defendant knew or should have known of the vice or defect; (4) that the damage could have been prevented by the exercise of reasonable care; and (5) that the defendant failed to exercise this reasonable care. *Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591 (La.App. 3 Cir. 11/5/08), 997 So.2d 814.

The second of the five elements is the only one at issue in this litigation. The trial court found that the uncovered water meter did not present an unreasonable risk of harm because it was an open and obvious hazard. Given that factual conclusion, the trial court concluded that neither Mr. McCoy nor Cleco could carry their burden on the second element of proof, and that the defendants were entitled to relief as a matter of law.

The supreme court addressed the question of an open and obvious hazard in *Broussard v. State ex rel. Office of State Buildings*, 12-1238, pp. 17-18 (La. 4/5/13), 113 So.3d 175, 188-89, and in doing so, stated the following:

> To be sure, we have consistently echoed one central theme throughout our open and obvious jurisprudence: If the complained-of condition ***should be obvious to all***, then it may not be unreasonably dangerous. *E.g., Pitre* [*v. La. Tech Univ.*], 95-1466 at p. 11 [(La. 5/10/96)], 673 So.2d [585,] 591; *Socorro* [*v. City of New Orleans*], 579 So.2d [931,] 942 [(La.1991)]; *Murray* [*v. Ramada Inns, Inc.*], 521 So.2d [1123,] 1136 [(La.1988)]. Thus, in order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition. *See, e.g., Pitre*, 95-1466 at p. 11, 673 So.2d at 591-92 (light poles in the area where college students were sledding were visible to everyone and thus open and obvious); *Oster v. Dep't. of Transp. & Dev., State of La.*, 582 So.2d 1285, 1288 (La.1991) (ditch on shoulder of road readily discernable from a considerable distance and thus not unreasonably dangerous). Our "open and obvious to all" principle is not a hollow maxim. Rather, it serves an invaluable function, preventing concepts such as assumption of the risk from infiltrating our jurisprudence. Over 25 years ago in *Murray*, we recognized that defining a defendant's initial duty in terms of a plaintiff's, versus everyone's, knowledge of a dangerous condition would preserve assumption of the risk as a defense and undermine Louisiana's pure comparative fault regime:
>
> > If accepted, defendants' argument would inject the assumption of risk doctrine into duty/risk analysis "through the back door." By that, we mean that the argument attempts to define the defendant's initial duty in terms of the plaintiff's actual knowledge, and thereby seeks to achieve the same result which would be reached if assumption of risk were retained as a defense, i.e., a total bar to the plaintiff's recovery. A defendant's duty should not turn on a particular plaintiff's state of mind,

5

but instead should be determined by the standard of care which the defendant owes to all potential plaintiffs.

521 So.2d at 1136. In contrast, the "open and obvious to all" rule is "sensible . . . and does not undermine the comparative fault regime by allowing a plaintiff's negligence to operate as a bar to recovery in a case where the defendant's conduct poses a risk of harm to the hypothetical blameless plaintiff." [Frank L. Maraist, H. Alston Johnson III, Thomas C. Galligan, Jr., & William R. Corbett], LA. L.REV. [*Answering a Fool According to His Folly: Ruminations on Comparative Fault Thirty Years On*], 70 at 1130 [(2011)]. The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge. Simply put, we would undermine our comparative fault principles if we allowed the fact-finder to characterize a risk as open and obvious based solely on the plaintiff's awareness of that risk. The plaintiff's knowledge or awareness of the risk created by the defendant's conduct should not operate as a total bar to recovery in a case where the defendant would otherwise be liable to the plaintiff. *Murray*, 521 So.2d at 1134. Instead, comparative fault principles should apply, and the plaintiff's "awareness of the danger" is but one factor to consider when assigning fault to all responsible parties under La. Civ.Code art. 2323. *Id.* (citing *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967, 974 (La.1985)).

Rosepine Seniors Apartments Partnership, MAC-RE, LLC, and Scottsville Insurance Company offered the following exhibits in support of their motion:

- Plaintiff's Original Petition for Damages

- Plaintiff's First Supplemental and Amending Petition for Damages

- Cleco's Petition in Intervention

- Plaintiff's Deposition with attachments of photographs of the accident scene; an accident investigation report prepared by Cleco; and a Cleco Termination Memorandum

In support of its motion for summary judgment, the Town of Rosepine offered excerpts from Mr. McCoy's deposition. Neither Mr. McCoy nor Cleco offered any exhibits in opposition to the motions.

Mr. McCoy's April 3, 2013 petition indicates that he suffered injuries when he stepped into an uncovered water-meter hole and fell while working on an

electric meter at the Rosepine Apartments on July 2, 2012. His August 6, 2013 first supplemental and amending petition merely adds Scottsdale Insurance Company, the insurer of Rosepine Seniors Apartments Partnership and/or MAC-RE, L.L.C., as a defendant. Mr. McCoy's May 1, 2014 second supplemental and amending petition added Rosepine Apartments[3] as a defendant. Cleco's July 26, 2013 petition of intervention seeks to recover all workers' compensation benefits paid to Mr. McCoy as a result of his work related injury, which was caused by the fault and/or negligence of the defendants named in Mr. McCoy's suit.

Mr. McCoy testified in his deposition that he arrived at the Rosepine Apartments at approximately 7:30 a.m. on July 2, 2012, to work on two electric meters. According to Mr. McCoy, the meters were located at the rear of one of the apartment buildings, to the right of an air conditioning unit. When he reached the rear of the apartment building, the shrubs growing behind the building were so thick adjacent to the air conditioner, that he could not access the electric meter by passing between the air conditioner and the shrubs. Instead, he walked to the corner of the building and worked his way between the building and the shrubbery to reach the electric meters requiring service. He estimated the walking space between the building and shrubbery to be twenty to twenty-four inches wide.

According to Mr. McCoy, one of the electric meters he was to service was located in the top row of meters, approximately six feet above the foundation. He was aware that water meters, having a surface measurement of approximately eighteen by twelve inches,[4] were located directly below the electric meters, and that the interior foliage of the shrubbery extended over the water meters. He

_____

[3] Rosepine Apartments is described in the record as a Louisiana Partnership in Commendam.

[4] Mr. McCoy described the water meters as being oversized because in his experience, he normally encountered water meters which were twelve inches by six or eight inches.

7

further acknowledged that he observed that the water meter directly below the electric meter to be serviced was uncovered.[5]

Mr. McCoy testified in his deposition that after positioning his body to the right of the air conditioning unit and in front of the open water meter in a secure manner, he reached up to begin working on the electric meter. While working on it, his left foot slipped backwards into the water meter causing him to fall into the shrubs. Mr. McCoy testified that although the thickness of the shrubs prevented him from falling to the ground, his left heel slid approximately ten inches into the bottom of the water meter, and he immediately felt pain in his left ankle.

Cleco's July 11, 2012 accident investigation report states that Mr. McCoy violated Cleco safety Rule 1.2-2. That rule provides that "[b]efore commencing any work that may be *hazardous*, care shall be taken to establish a safe procedure" and that "[e]mployees shall always place themselves in a safe and secure position" while performing his or her duties. The report provides the following as a summary of the accident itself:

> After routing orders, employee entered apartment complex and proceeded to reseal two meters. When he walked up to the location, he positioned himself between the a/c unit and the shrubs. He noticed that some of the water meters were not covered (see attached photos). After positioning his foot at the edge of one of the water meters he proceeded to reseal the meter. He stepped back and his foot slipped into the water meter hole and he fell back against the shrubs. Although he did not fall to the ground, he felt a sharp pain in his left ankle.

The report concluded that Mr. McCoy caused the accident by failing to recognize and identify the hazard caused by the uncovered water meters in his work location, and that the accident could have been avoided by "simply cover[ing] the water

---

[5] Mr. McCoy testified that he did not see a lid for the opened water meter, nor did he look for one as he was working for the electric company and not the water company.

8

meters (with the covers that were on the ground) before proceeding [to] the reseal [of] the meters."

A July 26, 2012 Cleco memorandum from Kevin Murray, the manager of Distribution Operations, to Marty Smith, Cleco's General Manager for the Northern District, served as an employment termination recommendation based on the fact that the July 2, 2012 accident was Mr. McCoy's eleventh career accident with Cleco. The recommendation was approved through the Cleco chain of command, and Mr. McCoy's employment was terminated based on his accident history.

In its November 25, 2014 ruling, the trial court concluded that the defendants established in their motions for summary judgment that Mr. McCoy was aware of the uncovered water meter and noted further that he "could have avoided harm through the exercise of ordinary care." Based on that factual finding, the trial court concluded that the burden then shifted to Mr. McCoy and Cleco pursuant to La.Code Civ.P. art. 966(C)(2) to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial" and that they failed to do so. Thus, the trial court concluded that the uncovered water meter did not create an unreasonable risk of harm to Mr. McCoy because its condition was open and obvious to him.

We find no error in the trial court's conclusion that Mr. McCoy was aware of the uncovered water meter, as this fact is uncontested. However, this factual finding relates to the apportionment of fault and not the question of liability. As noted in *Broussard*, 113 So.3d 175, the question is not whether the defect was open and obvious to Mr. McCoy, but whether it is open and obvious to all who might encounter it. The supreme court in *Broussard* noted that "[t]he open and obvious

9

inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Id.* at 188. Neither motion for summary judgment offered any evidence to establish that the uncovered water meter would have been open and obvious to all who might encounter it. In fact, based on the location of the water meter against the building and the presence of the shrubs growing up and over it, we would not find that the uncovered water meter would be visible to all who might encounter it. Accordingly, we reverse the judgment of the trial court granting summary judgment in favor of the defendants and dismissing the claims of Mr. McCoy and Cleco.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment in favor of Rosepine Seniors Apartments Partnership, MAC-RE, LLC, Scottsdale Insurance Company, and the Town of Rosepine, which dismissed the claims of Virgil McCoy and Cleco Corporation, and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to Rosepine Seniors Apartments Partnership, MAC-RE, LLC, Scottsdale Insurance Company, and the Town of Rosepine.

**REVERSED AND REMANDED.**

NUMBER 15-898

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VIRGIL MCCOY

VERSUS

TOWN OF ROSEPINE, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority decision as I would affirm the summary judgments entered in favor of the defendants. As noted by the majority, the Louisiana Supreme Court has explained that "a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, . . . the hazard should be one that is open and obvious to everyone who may potentially encounter it." *Bufkin v. Felipe's Louisiana, LLC*, 14-0288, p. 7 (La. 10/15/14), 171 So.3d 851, 856. In this case, I conclude that no genuine issues of material fact exist in this regard.

In support of their motions for summary judgment, the defendants submitted the plaintiff's deposition testimony in which he explained that he was aware of the uncovered water meter and that, prior to his fall, he had positioned himself above the exposed area "in a manner that [he] thought was secure[,]" yet his back heel slipped into the area. He stated that he had "a pretty large foot" and that he had "a 13-foot boot, which is longer than 13. So that's how I know it was a very large meter." The plaintiff estimated that the subject water meter was larger than his foot, "oversized," and approximately "18-by-12" inches. In describing the area, he confirmed that the subject meter was situated in an area between a building and shrubbery, along with other water and electric meters and an air conditioning unit. When asked to estimate the "approximate distance between the building and the

edge of the shrubs," the plaintiff responded: "Guessing, I'd say about 24 inches - - 20, 24 inches." Additionally, the defendants further submitted photographic evidence of the scene, which the plaintiff reviewed in his deposition. This photographic evidence was also introduced by the defendants in support of the motion for summary judgment.

Having reviewed these submissions, including the photographs of the scene, I find that the trial court correctly entered summary judgment. In simple terms, both the plaintiff testified to, and the photographs confirm, the presence of a visible and open meter located in an area. Although the plaintiff explained that the area was confined by the shrubs, there is no indication that the shrubbery obscured visibility of the open meter or otherwise created a hazard. In opposition, the plaintiff failed to come forward with any evidence demonstrating that the open meter was not open and obvious to everyone who may potentially encounter it, just as it admittedly was by the plaintiff in this case. Given the plaintiff's failure to present evidence that he would be able to meet his burden of proving a duty on the part of the defendants, summary judgment was appropriate. *See* La.Code Civ.P. art. 966(C)(2) (providing that "if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.").

Accordingly, I would affirm the judgment under review.

VIRGIL MCCOY

VERSUS

TOWN OF ROSEPINE, ET AL.

**GENOVESE, J., dissents for the reasons assigned by Judge Amy and also assigns additional reasons:**

Under La.Civ.Code art. 2317.1, at trial, Plaintiff has the burden of proving that the thing (the uncovered water meter) presented an unreasonable risk of harm. In its motions for summary judgment, Defendants have pointed out an absence of factual support for this particular element. Because Plaintiff failed to put forth any evidence that the thing constituted an unreasonable risk of harm, and because by his own admission he was aware of the uncovered water meter in his work location, Plaintiff failed to satisfy the requirements of La.Code Civ.P. art. 966(C)(2) by failing to produce the necessary factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.

Therefore, I dissent from the majority opinion and would affirm the trial court's grant of the summary judgments in favor of Defendant.