NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-380


GLENDA L. PARKS

VERSUS

THE KROGER COMPANY


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-1112
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
Billy Howard Ezell, Judges.


**AFFIRMED.**

**Michael Bruce Holmes**
**P. O. Drawer 790**
**Kinder, LA 70648-0790**
**(337) 738-2568**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Glenda L. Parks**

**Michael J. Williamson**
**Plauche, Smith & Nieset, LLC**
**P. O. Drawer 1705**
**Lake Charles, LA 70602-1705**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **The Kroger Company**

**EZELL, Judge.**

Glenda Parks appeals a trial court judgment granting summary judgment in favor of The Kroger Company. Ms. Parks argues that there are genuine issues of material facts pertaining to her fall on some grapes at Kroger which preclude summary judgment. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On the evening of March 28, 2013, Ms. Parks entered the Kroger store on 12th Street in Lake Charles to get a few items. She got a basket from outside and proceeded in the door closest to the produce section. When she entered the produce section, she noticed two ladies who were looking at the vegetables. She got some bananas and then proceeded to get some pre-cut fruit. When Ms. Parks passed by the bin where the grapes were located, she fell down. She did not see what she fell on before her fall. A young man working for Kroger in the produce section helped her up. Ms. Parks continued to the pre-cut fruit section and got a few more items. When she came back in the area where she fell, the young man who helped her up was cleaning the floor where she fell. It was then that she noticed grapes on the floor. Ms. Parks stated that there were about twenty grapes on the floor. Some of the grapes were smashed, and some were whole. As a result of the slip-and-fall accident, Ms. Parks claims she sustained injuries.

Ms. Parks filed suit against Kroger on March 24, 2014. On September 2, 2015, Kroger filed a motion for summary judgment. A hearing on the motion was held on November 19, 2015. Following the hearing, the trial court granted Kroger's motion for summary judgment. A judgment dismissing Ms. Park's case was signed on December 9, 2015. Ms. Parks then filed the present appeal.

## SUMMARY JUDGMENT

In her first two assignments of error, Ms. Parks argues that the trial court ruled on issues not properly before it on summary judgment. She argues that Kroger's motion for summary judgment was limited in scope as to whether there existed factual support for the element of "constructive notice" set forth in La.R.S. 9:2800.6(B)(2). Ms. Parks claims the trial court erred in considering whether Kroger "created" the condition or had "actual notice" of the condition.

"Louisiana Code of Civil Procedure Article 966 has been amended significantly over the past three years, and the rules applicable to summary judgment procedure depend on when a summary judgment might be filed and considered." *McCoy v. Town of Rosepine*, 15-898, pp. 2-3 (La.App. 3 Cir. 3/9/16), 187 So.3d 562, 564, *writs denied*, 16-860, 16-664 (La. 6/17/16), 192 So.3d 765, 768. Louisiana Code of Civil Procedure Article 966(F)(1), in effect at the time of the hearing, provided that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time."[1] A trial court cannot render summary judgment on an issue not set forth in the moving party's motion for summary judgment. *Duplantis v. Miller*, 14-1070 (La.App. 3 Cir. 3/4/15), 159 So.3d 1153; *Hunter v. Rapides Parish Coliseum Auth.*, 14-784 (La.App. 3 Cir. 2/4/15), 158 So.3d 173, *writ denied*, 15-737 (La. 6/1/15), 171 So.2d 934.

In order to prevail in action for a slip-and-fall suit against a merchant, a plaintiff must prove the elements established by the Merchant Liability Statute,

---

[1] Louisiana Code of Civil Procedure Article 966 was amended by La. Acts 2015, No. 422, § 1, which became effective January 1, 2016. Therefore, our discussion throughout this opinion refers to La.Code Civ.P. art. 966 in effect prior to the amendment.

La.R.S. 9:2800.6. The burden of proof as set forth in La.R.S. 9:2800.6, provides, in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

At issue in this case is the requirement that a plaintiff prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La.R.S. 9:2800.6(B)(2). This element of the Merchant Liability Statute "provides a claimant with three potential

3

theories of recovery." *Davis v. Cheema*, 14-1316, p. 9 (La.App. 4 Cir. 5/22/15), 171 So.3d 984, 989.

> Assuming he proves the remainder of the elements under the statute, a claimant can establish the merchant's liability for his damages provided he shows that: 1) the merchant created the condition which caused his harm; 2) while it did not create the condition which caused his [sic] harm, the merchant had actual notice of the condition; or 3) while it did not create the condition which caused his harm, the merchant had constructive notice of the condition.

*Id*.

In its motion for summary judgment, Kroger stated that it was entitled to summary judgment on the basis that there was no genuine issue of material fact because "there is an absence of any factual support for one or more elements essential to plaintiff's claim." In support of its motion it attached Ms. Parks's deposition and that of Kroger employee, Justin Holloway. The memorandum filed by Kroger in support of its motion focused on discussing whether Ms. Parks could meet her burden of proof for establishing constructive notice under La.R.S. 9:2800.6(B)(2); more specifically, whether the defective condition existed for some period of time sufficient to place the defendant on notice of the existence of the defective condition. In her reply memorandum, Ms. Parks disagreed with Kroger concerning the constructive notice part of La.R.S. 9:2800.6(B)(2) and also argued that there were genuine issues of material fact concerning whether an employee had actual knowledge of the existence of the hazard prior to her fall and whether an employee created the hazard.

Kroger's motion for summary judgment was phrased in general terms so as address all three components of La.R.S. 9:2800.6(B)(2). Ms. Parks herself argued that Kroger had actual notice or constructive notice or created the condition in her memorandum in opposition to the motion for summary judgment. The evidence

considered by the trial court in making its decision included the depositions attached to the motion for summary judgment and Ms. Parks's affidavit which were properly before it pursuant to La.Code Civ.P. art. 966(F)(2). The trial court did not err in examining these documents in determining whether Kroger was entitled to summary judgment.

In her last two assignments of error, Ms. Parks essentially claims that the trial court erred in placing the burden of proof on her because even if Kroger established a lack of constructive notice, it still had to establish a lack of actual notice or that it did not create the hazard. As previously stated, the issue of all components of La.R.S. 9:2880.6(B)(2) was properly before the trial court, and it considered the documents properly before it in finding that Kroger was entitled to summary judgment. Therefore, we will now consider Ms. Parks's claim that Kroger was not entitled to summary judgment and that there are genuine issues of material fact as to whether Kroger had actual or constructive knowledge of the hazard or created the hazard.

> Despite the recent amendments to La.Code Civ.P. art. 966, the appellate standard of review with regard to summary judgment decisions has remained the same. "Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11–2566, p. 7 (La.7/2/12), 94 So.3d 750, 755. Furthermore, nothing in the recent amendments changed the legislative assertion that summary judgment procedure is "favored" and is "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).

*McCoy*, 187 So.3d at 564-65.

Summary judgment shall be rendered:

[I]f the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine

issue as to material fact, and that mover is entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(B)(2).

Louisiana Code Civil Procedure Article 966(C)(2) provided for the burden of proof as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Ms. Parks admits she would bear the burden of proof at trial; therefore, Kroger only had to establish that there is an absence of factual support for one or more of the essential elements to her claim. As we previously discussed, only one element is at issue and that is La.R.S. 2800.6(B)(2), the "awareness" element.

In discussing the burden of establishing constructive notice, the supreme court has stated that "[t]he claimant must make a positive showing of the existence of the condition prior to the fall." *White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084. Furthermore, "[a] defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id.* "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id.* "Though the time period need not be specific in minutes or hours,

6

constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. *Id*. at 1084-85.

"The Merchant Liability Statute's notice requirement need not be proved if the claimant first establishes that the merchant created the injury-causing condition." *Davis*, 171 So.3d at 993. Speculation, unsupported allegations, and improbable inferences will not support a finding of a genuine issue of material fact. *Richard. Liberty Mut. Ins. Co.*, 13-26 (La.App. 3 Cir. 10/9/13), 123 So.3d 345.

Ms. Parks introduced her affidavit in opposition to Kroger's motion for summary judgment. She states that she entered the store around 7:30 p.m. She got a shopping cart and proceeded to the produce department. Two other customers were looking at the green vegetables on the wall. A Kroger employee was standing near the end row of bins in the center of the produce department. She first went to the bananas bin where she selected some bananas. She then proceeded to the wall where the green vegetables and cartons of pre-cut fruit were displayed. As she walked past one of the bins, she slipped on a substance on the floor and fell with the bananas in her hand. The store employee was not far away and walked over and helped her up. Ms. Parks continued shopping and retrieved two cartons of fruit, a head of lettuce, and another package. She then walked back where she had fallen and observed that grapes were displayed where she had fallen. The store employee was cleaning the floor. She saw about twenty or more grapes on the floor. Some were whole, and some were smashed. The store receipt from that night indicates that Ms. Parks checked out at 7:42 p.m., approximately twelve minutes after she entered the store.

Justin Holloway was working as a produce clerk at the time of Ms. Parks' accident on March 28, 2013. In his deposition, Mr. Holloway testified that he

remembered a lady slipping and falling in the produce department on grapes. He explained that he was by the carrots end cap putting out carrots. He heard a thud, looked up, and saw that a lady had fallen. The grapes were on the opposite end cap from where he was working, which were displayed in bags on a slanted surface. He does not recall if he cleaned up grapes that night but recalls having to clean up grapes before. Mr. Holloway explained that grapes do end up on the floor when customers rip the bag open and take a few. Mr. Holloway stated that he was required to spot check and be aware all the time for items on the floor. He further testified that Kroger's protocol requires a produce clerk to pick up grapes on the floor or clean up any crushed ones. A wet floor sign is then placed in the area. All items needed to clean up spilled items in the produce department are located in the department behind the milk rack.

By Ms. Parks's own testimony, she was in the store for a total of twelve minutes. While there were crushed grapes on the floor, there is no evidence that the grapes were crushed before Ms. Parks slipped on them. Mr. Holloway testified that he would have cleaned up the grapes had he noticed them and immediately did so after Ms. Parks's fall. There is no testimony whatsoever that Mr. Holloway or anyone else at Kroger had actual notice of the grapes or that the grapes were on the floor for some time period before Ms. Parks's fall. Ms. Parks did not even see the grapes before her fall.

Also, while Mr. Holloway could not remember if he stocked grapes that night, there is no testimony or evidence that an employee of Kroger caused the grapes to fall on the floor. By Ms. Parks's own testimony, there were two other customers in the produce department when she entered the store. They could have been the ones who caused the grapes to be on the floor before Ms. Parks entered

8

the store. Mr. Holloway testified that grapes would occasionally end up on the floor when a customer ripped open a bag to sample some. Grapes are just as likely to be on the floor as a result of a customer's actions. *See Williamson v. Wal-Mart Stores, Inc.*, 48,576 (La.App. 2 Cir. 1/8/14), 130 So.3d 478 (pine sol on floor in Wal-Mart's restroom unlikely spilled by customer); *Davis*, 171 So.3d 984 (kitty-litter-like substance on gas station's premises more than likely placed by merchant on parking lot).

Pursuant to our review of the pleadings, depositions, and Ms. Parks's affidavit, we find that Ms. Parks has failed to offer sufficient factual support to indicate that she could be able to meet her evidentiary burden of proof at trial. Therefore, we find no error in the trial court's grant of summary judgment in favor of Kroger.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Glenda Parks.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.