# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-784

**TERRI HUNTER**

**VERSUS**

**RAPIDES PARISH COLISEUM AUTHORITY**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,937
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
P. O. Box 1311
Alexandria, LA 71309-1311
(318) 487-4589
COUNSEL FOR DEFENDANT-APPELLEE:
    Rapides Parish Coliseum Authority

G. Andrew Veazey
Bradford H. Felder
Stefini W. Salles
Huval, Veazey, Felder & Renegar, LLC
P. O. Box 80948
Lafayette, LA 70598-0948
(337) 234-5350
COUNSEL FOR PLAINTIFF-APPELLANT:
    Terri Hunter

**PICKETT, Judge.**

Terri Hunter sued the Rapides Parish Coliseum Authority (Authority) after the Authority terminated her employment. Ms. Hunter asserted a number of claims against the Authority, including a whistleblower claim pursuant to La.R.S. 23:967. The Authority filed a motion for summary judgment, alleging that Ms. Hunter's whistleblower claim should be dismissed because the Authority is not an employer for purposes of the whistleblower statute. Ms. Hunter appealed. For the following reasons, we reverse the dismissal of Ms. Hunter's whistleblower claim and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ms. Hunter was hired by the Authority on February 21, 2013, as an office manager. During her employment, Ms. Hunter was asked and/or instructed by her superiors to perform a number of payroll and financial tasks that she believed were improper. She also discovered numerous discrepancies with payroll and other financial documentation that was prepared before she was employed by the Authority. Ms. Hunter reported the discrepancies to the Authority's independent auditor and to Murphy Rachal, Chairman of the Authority, and Jimbo Thiels, the Vice-Chairman of the Authority, during her employment. Neither Mr. Rachal nor Mr. Thiels took action on Ms. Hunter's report, and she reported the discrepancies to the Rapides Parish District Attorney. A criminal investigation was instituted by the Rapides Parish District Attorney as a result of Ms. Hunter's reports regarding the Authority's financial improprieties. On May 20, 2013, the Authority terminated Ms. Hunter's employment.

Ms. Hunter filed this suit seeking relief under the whistleblower statute. She alleged that her employment was terminated because she refused to engage in

financial improprieties at the direction of Mr. Rachal and/or Mr. Theil and because she reported the financial improprieties to the appropriate officials. Ms. Hunter also sought a writ of mandamus, directing the Authority to provide her a pre-disciplinary hearing and a written notice of reprimand prior to taking any disciplinary action against her, and asserted a quo warranto claim.

The Authority filed a Motion for Summary Judgment to dismiss Ms. Hunter's whistleblower claim on the ground that it does not meet the definition of employer applicable to the Louisiana whistleblower statute, La.R.S. 23:967. The basis of the motion is that the definition of employer set forth in La.R.S. 23:302(2) of the Louisiana Employment Discrimination Law (LEDL), La.R.S. 23:301-369, applies to whistleblower claims. After a hearing held on March 31, 2014, the trial court granted the Authority's motion for summary judgment and dismissed the remainder of Ms. Hunter's claims.

Pursuant to La.Code Civ.P. art. 1917, Ms. Hunter requested that the trial court issue written reasons for its ruling on the motion for summary judgment. The trial court then issued Findings of the Court and Reasons for Judgment, in which it concluded that the Authority's basis for its motion for summary judgment was not valid. The trial court determined, however, that Ms. Hunter was a probationary employee and not entitled to whistleblower protection under La.R.S. 23:967.

Ms. Hunter appealed the judgment granting summary judgment in favor of the Authority.

### ASSIGNMENTS OF ERROR

In her appeal, Ms. Hunter assigns three errors with the trial court's judgment:

A. The Summary Judgment that was granted to the Coliseum Authority was violative of *La.C.C.P. Art. 966(F)(1)* because it is based upon . . . grounds that were not urged by the Coliseum Authority in its motion, and the court expressly rejected the sole grounds [sic] urged by the Coliseum Authority in support of its Motion.

B. There is no evidence in the record[1] to suggest that Ms. Hunter was a "probationary employee," and even if there was, there is no "probationary employee exception" to application of the Louisiana Whistleblower Statute.

C. Even if there was a "probationary employee exception" to the Louisiana Whistleblower Statute, such an exception would violate public policy.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845. Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

The party seeking summary judgment must show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(1). "[I]f the movant will not bear the burden of proof at trial," he need not "negate all essential elements of the adverse party's claim," but he must show "that there is an absence of factual

---

[1] Ms. Hunter designated the record for appeal as provided in La.Code Civ.P. art. 2128. This reference is the appellate record as designated by Ms. Hunter.

support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(C)(2). If the movant meets his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id.*

## DISCUSSION

The whistleblower statute provides, in pertinent part: "[a]n employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law . . . [d]iscloses or threatens to disclose a workplace act or practice that is in violation of state law." La.R.S. 23:967(A)(1). The whistleblower statute does not define the term "employer."

Citing *Ray v. City of Bossier*, 37,708 (La.App. 2 Cir. 10/24/03), 859 So.2d 264, *writs denied*, 03-3214, 03-3254 (La. 2/13/04), 867 So.2d 697, the Authority argues that the definition of employer contained in the LEDL should be used to determine if it is an employer for purposes of Ms. Hunter's whistleblower claims. The Authority asserts that it is entitled to summary judgment because it is not an employer as defined in La.R.S. 23:302(2); therefore, Ms. Hunter cannot prove she is entitled to recover against it under La.R.S. 23:967.

The LEDL, La.R.S. 23:302(2), defines employer, in pertinent part, as:

[A] person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

The Authority argues that Ms. Hunter's whistleblower claims under La.R.S. 23:967 must be dismissed because it did not meet the "twenty or more employees" requirement of La.R.S. 23:302(2) in 2013 or 2014.

4

In *Ray*, 859 So.2d at 272, the second circuit determined:

> The whistleblower statute does not define "employer;" however, the term "employer" was precisely defined by [the] Louisiana Employment Discrimination Law to require receipt of services by the employee in exchange for compensation to him. La. R.S. 23:302(2); *Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575 (M.D.La. 09/04/02). Specifically, "employer" is defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." La. R.S 23:302(2). (Emphasis added). Courts have interpreted Section 23:302(2)'s definition of "employer" to apply in cases where employment status is at issue. *Jackson v. Xavier University of Louisiana*, 2002 WL 1482756 (E.D.La.2002), citing *Jones v. JCC Holding Co.*, 2001 WL 537001 (E.D.La.2001).

The first circuit also applied the definition of "employer" contained in La.R.S. 23:302(2) in *Rider v. Ambeau*, 07-681 (La.App. 1 Cir. 12/21/07) (unpublished opinion), and affirmed the dismissal of the plaintiff's whistleblower claims against the individual defendants sued by the plaintiff. The court concluded that the plaintiff could not prevail on those claims because she had not proved that the individual defendants "individually, received services from [her] and gave compensation to [her.]" *Id.* at p. 4.

Ms. Hunter notes that while some Louisiana federal courts have applied the twenty or more employees requirement of La.R.S. 23:302(2)'s definition of employer to whistleblower claims and that Louisiana cases have cited those federal cases when citing La.R.S. 23:302's definition of employer in such cases, no Louisiana state court has applied the twenty or more employees requirement to La.R.S. 23:967 whistleblower claims. *See Ray*, 859 So.2d 264; *Rider*, 07-681.

At least one Louisiana federal court has refused to apply the twenty or more employees requirement to a whistleblower claim. *See Knighten v. State Fair of La.*, No. 03-1930 (W.D.La. 3/21/07). The judge reasoned that the location of the

5

definition of employer in Chapter 3-A of Title 23 of the Revised Statutes, rather than Chapter 9 where the whistleblower statute is located, warrants the conclusion that the definition in La.R.S. 23:302 does not apply to whistleblower claims. The judge also observed that the majority of the cases cited by the defendant therein had no precedential value because they were unpublished opinions. Although there was one published opinion, the judge noted that the parties agreed the plaintiff was not an employee; accordingly, discussion of the definition of employer was dicta. *See Langley v. Pinkerton's, Inc.*, 220 F.Supp. 2d 575 (M.D.La. 2002).

The judge in *Knighten* concluded that the language of Section 302 indicates the legislature intended to limit the application of the definitions therein to Chapter 3-A by: (1) stating the definitions in Section 302 are "For purposes of this Chapter"; (2) providing "The provisions of this Chapter shall apply only to"; and (3) further providing "This Chapter shall not apply to."

In *Anderson v. Ochsner Health System*, 13-2970, p. 4 (La. 7/1/14), __ So.3d __ (citations omitted), the supreme court addressed statutory interpretation, explaining:

> The paramount question in all cases of statutory interpretation is legislative intent; ascertaining the reason that triggered the enactment of the law is the fundamental aim of statutory interpretation. The rules of statutory construction are designed to unveil and enforce the intent of the legislature. Legislation is the solemn expression of legislative will; thus, interpretation of a statute involves primarily a search for the legislature's intent.
>
> In ascertaining the true meaning of a word, phrase, or section of a statute, the act as a whole must be considered. When doubt exists as to the proper interpretation of a statute, the title or preamble may be used to determine legislative intent.

6

Chapter 9 is entitled "Miscellaneous Provisions." Section 967 is located in Part III of Chapter 9; Part III is entitled "Interference with Individual Rights." Chapter 3-A is entitled "Prohibited Discrimination in Employment." Section 302 is located in Part I of Chapter 3-A; Part I is entitled "General Provisions." Parts II–VII of Chapter 3-A identify the specific types of discrimination prohibited by Chapter 3-A, e.g., age, disability, pregnancy.

The placement of Section 967 in Chapter 9, Part III, which addresses employers' interference with employees' individual rights, as opposed to employers' discrimination against employees addressed in Chapter 3-A, indicates that the legislature intended Section 967 to protect employee's individual rights. This placement does not indicate that the legislature intended for it to be treated as a statute prohibiting discrimination as argued by the Authority. This conclusion is strengthened when we consider: (1) the purpose of Chapter 3-A is to prohibit discrimination; (2) the terminology contained in La.R.S. 23:302 limits its application to Chapter 3-A; (3) the intent of Section 967 is to provide a remedy to employees whose employers retaliate[2] against them for exercising their individual right to report the employers' violations of state law, and (4) nothing in Chapter 9 or Section 967 indicates that the legislature intended to define employer for purposes of those provisions by the definition contained in Section 23:302.

Considering the limiting use of "this Chapter" in La.R.S. 23:302 and the lack of an indication in Chapter 9 and Section 967 that La.R.S. 23:302's definition of employer applies to Chapter 9, we decline to extend the definition as argued by the

---

[2] "Reprisal" is defined, in pertinent part, as "a retaliatory act." Merriam Webster Dictionary 1000 ( 9th ed. 1991).

Authority. Accordingly, we conclude that the Authority did not prove it is entitled to summary judgment as set forth in its motion for summary judgment.

As stated previously, the trial court rendered summary judgment on an issue other than the issue set forth in the Authority's motion for summary judgment and, in doing so, relied on evidence that was not admitted in conjunction with the motion for summary judgment. Ms. Hunter argues the trial court violated the provisions of La.Code Civ.P. art. 966 in granting summary judgment as it did.

Louisiana Code of Civil Procedure Article 966 (emphasis added) provides, in pertinent part:

> F. (1) A summary judgment may be rendered or affirmed *only as to those issues set forth in the motion* under consideration by the court at that time.
>
> (2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.* The court may permit documentary evidence to be filed in the record with the motion or opposition in any electronically stored format authorized by the local court rules of the district court or approved by the clerk of the district court for receipt of evidence.

We find the trial court erred in granting summary judgment on an issue not asserted by the Authority in its motion after considering evidence that was not admitted "for purposes of the motion for summary judgment." La.Code Civ.P. art. 966 (F)(1)-(2). Having already determined that the Authority is not entitled to judgment as asserted in its motion for summary judgment, we reverse the judgment dismissing Ms. Hunter's whistleblower claims against the Authority.

In her second and third assignments of error, Ms. Hunter requests that we address the correctness of the trial court's grant of summary judgment for judicial

efficiency. Pursuant to La.Code Civ.P. art. 966(F)(1)-(2), neither the issue presented by the Authority's motion for summary judgment nor the evidence the trial court relied upon to grant summary judgment is properly before this court; therefore, the request is denied.

## DISPOSITION

For the reasons set forth hereinabove, the trial court's grant of summary judgment is reversed, and the matter is remanded for further proceedings. All costs are assessed to the Rapides Parish Coliseum Authority.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**