# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-513


**JUDITH LANDRY**

**VERSUS**

**ALLSTATE PROPERTY & CASUALTY INSURANCE CO., ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20141553
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.


**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

**Leslie Dalton**
**Desmonde Bennett**
**Morris Bart, LLC**
**909 Poydras Street, Suite 2000**
**New Orleans, Louisiana 70112**
**(504) 599-3229**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Judith Landry**

**Staci Knox Villemarette**
**Cloyd, Wimberly & Villamarette, L.L.C.**
**Post Office Box 53951**
**Lafayette, Louisiana 70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State Farm Mutual Automobile Insurance Company**

**C. Shannon Hardy**
**John W. Penny, Jr.**
**Penny & Hardy**
**A Professional Law Corporation**
**Post Office Box 2187**
**Lafayette, Louisiana 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Therese Lesinski and Allstate Property and Casualty Insurance**
**Company**

**CONERY, Judge.**

Plaintiff, Judith Landry, filed a personal injury lawsuit claiming that she was injured in an automobile collision due to the negligence of defendant, Therese Lesinski. State Farm Mutual Automobile Insurance Company had an automobile liability insurance policy in effect insuring Ms. Lesinski's vehicle. At the time of the accident in question, however, Ms. Lesinski was driving a vehicle owned by Armogene Braus. Mr. Braus' vehicle was insured by Allstate Property and Casualty Insurance Company. Ms. Lesinski was staying in the home of Mr. Braus at the time. State Farm, as insurer of Ms. Lesinski's vehicle, filed a motion for summary judgment claiming that its policy excluded coverage for Ms. Lesinski, as Mr. Braus was a "member of her household" as defined in the State Farm Policy Exclusion.

The trial court granted State Farm's motion on different grounds than those set forth in the motion and dismissed State Farm. The trial court found that the language in State Farm's policy issued to Ms. Lesinski excluded coverage for Ms. Lesinski while she was driving a vehicle owned by her "employer," Mr. Braus. For the following reasons, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In its motion for summary judgment, the only coverage issue raised by State Farm was the policy exclusion based on alleged facts that the owner of the home, Mr. Braus, was a resident of the "household" of Ms. Lesinski, who at the time was allegedly only a temporary at will occupant of Mr. Braus' domicile and home.

The policy exclusion cited by State Farm in its motion provided, in pertinent part:

THERE IS NO COVERAGE FOR AN INSURED:

13.    FOR THE OWNERSHIP, OPERATION, MAINTENANCE OR USE OF ANY VEHICLE OWNED BY:

. . . .

   c.    ANY OTHER PERSON DOMICILED IN YOUR HOUSEHOLD;

At the hearing on State Farm's motion for summary judgment, the issue of whether Mr. Braus qualified as "Any Other Person Domiciled In Your Household" was the main focus of argument by both counsel in conjunction with the quoted State Farm policy exclusion. The trial court first noted that the issue of **Ms. Lesinski's** status in **Mr. Braus household**, as well as her actual domicile, presented a number of genuine issues of material fact, which precluded the granting of State Farm's motion for summary judgment as plead and briefed.

At the close of the argument on the only issue stated as the basis of State Farm's motion, whether Mr. Braus, the homeowner, was a member of Ms. Lesinski's "household" on the date of the accident, counsel for State Farm raised for the first time an issue not raised in its motion or briefed. State Farm raised the question of Ms. Lesinski's employment status with Mr. Braus, as State Farm's policy also excluded coverage if it were to be found that Ms. Lesinski was an employee of Mr. Braus operating his vehicle at the time of the accident.

When the trial court asked counsel for State Farm if the record contained any clear evidence of Ms. Lesinski's employment, counsel for State Farm produced, also for the first time, Ms. Lesinski's "Answers to Interrogatories" dated June 24, 2014. The "Answers to Interrogatories" were not signed by Ms. Lesinski, nor was there an accompanying affidavit. Further, the "Answers to Interrogatories" were not attached to State Farm's motion for summary judgment.

2

Counsel for State Farm then proceeded to read Interrogatory Number 1 and Ms. Lesinski's answer thereto into the record. Interrogatory Number 1 provided, "Was Therese Lesinski working at the time of and on the day of the accident in question." Ms. Lesinski allegedly answered through her attorney, "Yes, Therese Lesinski was hired as a personal care sitter for Armogene Braus on May 6, 2013. She was taking Mr. Braus from a doctor's appointment at the Department of Veterans Affairs to his home."

The trial court, after hearing the answer to Interrogatory Number 1 allegedly given by Ms. Lesinski, then granted State Farm's motion for summary judgment based on a different exclusion in the State Farm policy from that listed, briefed, and argued in State Farm's motion. Again, the exclusion relied on by the trial court was that as an alleged employee of Mr. Braus driving his vehicle, Ms. Lesinski's policy with State Farm excluded coverage.

The trial court ruled as follows, "Based on that answer in the interrogatory, she's an employee, and I so rule. Motion granted." After the trial court's ruling, counsel for State Farm requested and was granted leave to offer, file, and introduce into the record of the summary judgment hearing Ms. Lesinski's June 24, 2014 answer to Interrogatory Number 1 which had been prepared by her attorney and not verified or signed by her. The trial court then admitted the answer to Interrogatory Number 1 into evidence as State Farm Exhibit #1 at the summary judgment hearing.

On January 8, 2015, the trial court signed a judgment granting State Farm's motion for summary judgment, dismissing State Farm from the litigation.[1]

---

[1] The motion for summary judgment was heard by Judge Durwood Conque, who issued verbal reasons for ruling on December 8, 2014. Judge Conque retired effective December 31,

Plaintiff appellant Judith Landry now timely appeals the judgment of the trial court. For the following reasons, we reverse.

## ASSIGNMENT OF ERROR

Appellant, Ms. Landry, raises one assignment of error on appeal, "The trial court abused its discretion and committed legal error by granting summary judgment in favor of State Farm."

## LAW AND DISCUSSION

### *Standard of Review*

An appellate court is required to review summary judgments *de novo* and apply the same criteria used by the trial court in its determination of whether summary judgment is appropriate. *Hunter v. Rapides Parish Coliseum Auth.*, 14-784 (La.App. 3 Cir. 2/4/15), 158 So.3d 173, *writ denied*, 15-737 (La. 6/1/15), 171 So.3d 934. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2).[2]

> A motion for summary judgment:
>
> [S]hall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(B)(2).

---

2014, and hence, the actual judgment was signed by Judge Laurie A. Hulin, who was elected to serve in Judge Conque's former section of court.

[2] Louisiana Code of Civil Procedure Article 966 was once again revised during the 2015 Louisiana Legislative Session. The present version of La.Code Civ.P. art. 966 became effective on August 1, 2014, and thus, is applicable to this case. The revised version will become effective January 1, 2016, and clearly indicates its provisions "shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this act."

***Assignment of Error - Application of Provisions of La.Code Civ.P. art. 966***

The sole assignment of error by Appellant references the trial court's disregard for the provisions of La.Code Civ.P. art. 966 by granting State Farm's motion for summary judgment on an issue not raised in its motion and/or on the basis of evidence not properly admitted into the record.

The applicable provisions of La.Code Civ.P. art. 966 state, in pertinent part:

> F. (1) A summary judgment may be rendered or affirmed *only as to those issues set forth in the motion* under consideration by the court at that time.
>
> (2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.* The court may permit documentary evidence to be filed in the record with the motion or opposition in any electronically stored format authorized by the local court rules of the district court or approved by the clerk of the district court for receipt of evidence.

(Emphasis added.)

The identical issue involving the requirements and application of La.Code Civ.P. art. 966(F)(1)–(2) was recently considered by a panel of this court in *Hunter*, 158 So.3d 173. In *Hunter*, a panel of this court reversed the trial court's ruling granting summary judgment to the Rapides Parish Coliseum Authority (Authority) on "an issue not asserted by the Authority in its motion after considering evidence that was not admitted 'for purposes of the motion for summary judgment.' La.Code Civ.P art. 966 (F)(1)–(2)." *Hunter*, 158 So.3d at 178.

5

Likewise, the issue of Ms. Lesinski's employment status at the time of the accident on May 6, 2013, was not raised in State Farm's motion for summary judgment as required by La.Code Civ.P. art. 966(F)(1). The record also reflects that the evidence in support of the motion, Ms. Lesinski's June 24, 2014 answer to Interrogatory Number 1, was not timely submitted into evidence in support of State Farm's motion, as required by the Louisiana Code of Civil Procedure, but was only admitted into evidence after the close of the hearing and the trial court's initial ruling denying summary judgment on the grounds plead and briefed.

As indicated, La.Code Civ.P. art. 966(F)(2) states, in pertinent part, "Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion." That evidence must be filed before the hearing, pursuant to La.Code Civ.P. art. 966(F)(2). This requirement allows the opposing party time to object to the admission into evidence as per the requirements of La.Code Civ.P art. 966(F)(3). Louisiana Code of Civil Procedure Article 966(F)(3), provides, in pertinent part, "Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating specific grounds therefor."

State Farm argues that the trial court has discretion on whether to admit a late filing in support of a motion for summary judgment. In support, State Farm cites several cases, all of which were decided prior to the applicable amendment to La.Code Civ.P. art. 966.

We disagree. As previously mentioned, in *Hunter*, a panel of this court, considering the identical issue, stated, "Pursuant to La.Code Civ.P. art. 966(F)(1)–(2), neither the issue presented by the Authority's motion for summary judgment nor the evidence the trial court relied upon to grant summary judgment is properly

6

before this court." *Hunter*, 158 So.3d at 178. Likewise, we find that this court is also not free to consider an issue not properly before the trial court at the hearing on the motion for summary judgment, and thus, not properly before this court.

Therefore, we find the trial court erred in granting State Farm's motion for summary judgment on the basis of an issue that was not properly before the court pursuant to the requirements of La.Code Civ.P. art. 966. Accordingly, the motion for summary judgment granted by the trial court in favor of State Farm is reversed.

## CONCLUSION

For the forgoing reasons, the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company is reversed, and the matter remanded for further proceedings in accordance with this opinion. All costs on appeal are assessed to State Farm Mutual Automobile Insurance Company.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**