STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ALISHA VERRETT

VERSUS

LAKE WELLNESS CENTER, L.L.C.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2022-2436
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED;
MOTION FOR CONTEMPT OF COURT DENIED;
MOTION TO STRIKE GRANTED.

Vyrona M. Wiltz
Attorney at Law
P. O. Box 216
Krotz Springs, LA 70750
(337) 592-0118
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alisha Verrett

**Marcus J. Plaisance**
**Mark D. Plaisance**
**Plaisance Law, LLC**
**P. O. Box 1123**
**Prairieville, LA 70769**
**(225) 775-5297**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Alisha Verrett**

**Alan K. Breaud**
**Timonth W. Basden**
**Breaud & Meyers**
**420 Oil Center Drive**
**Post Office Box 51365**
**Lafayette, LA 70505**
**(337) 266-2200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lake Wellness Center, L.L.C.**
    **Roy Viger**
    **Michelle Franques**
    **Leonard Franques**

**Andrew G. Vicknair**
**D'Arcy Vicknair**
**650 Poydras Street, Suite 2705**
**New Orleans, LA 70130**
**(504) 636-8648**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Matthew Engler**

**Catherine N. Thigpen**
**CNA Coverage Litigation Group**
**1 Galleria Boulevard, #1502**
**Metairie, LA 70001**
**(225) 202-8968**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Columbia Casualty Company**

**Capspecialty, Inc.**
**c/o Capspecialty, Inc.**
**1600 Aspen Commons, Suite 300**
**Middleton, WI 53562**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Capspecialty, Inc.**

**GREMILLION, Judge.**

Plaintiff/Appellant, Alisha Verrett, appeals the trial court's judgment granting a peremptory exception of no cause of action in favor of the Defendants/Appellees, Michelle Franques, Leonard Franques, and Roy Viger (collectively Appellees). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Verrett was employed at Lake Wellness Center, LLC, an addiction and recovery treatment business, for approximately thirteen years, ultimately serving as an administrator.[1] On May 10, 2022, Verret filed suit against Lake Wellness Center, alleging wrongful termination in violation of the Louisiana Whistleblower and Employment Retaliation Law (La.R.S. 23:967) and Louisiana Employment Discrimination Laws (La.R.S. 23:301). On September 19, 2022, Verret filed a first amending and supplemental petition adding Michelle Franques, Leonard Franques, Roy Viger, and Matt Engler as defendants.

On October 13, 2022, Appellees filed a peremptory exception of no cause of action, arguing they were not Verrett's "employer" under the Whistleblower Act and no claim could stand against them. Appellees filed a motion to assess attorney fees and costs on October 13, 2022, arguing that Verret had no good faith basis for filing suit against non-employers for violation of the Whistleblower Statute or employment discrimination laws, which must also be brought against an employer rather than an employee. On October 26, 2022, Lake Wellness Center filed a peremptory exception of no cause of action and a request for an award of attorney fees alleging Verrett failed to set forth any facts that could be deemed "whistleblowing" or age, disability, sex, or race discrimination.

---

[1] Lake Wellness Center remains a defendant in the matter.

On November 14, 2022, Verrett filed a second amending and supplemental petition adding an insurance company as a defendant and asserting that Lenoard Franques was an owner of Lake Wellness with "executive control" who placed her under the direct supervision and control of Roy Viger. In paragraph 11 of the petition, Verrett asserted:

11.

As an employee, plaintiff reported to her employers, Roy Viger and Matthew Engler, as they had direct supervisory authority over her, with Roy Viger specifically having direct payroll supervision and approval over her compensation as well as all employees of Lake Wellness, LLC.

Later in the petition, after detailing the alleged wrongdoing, Verrett in paragraph 21 stated, "Plaintiff challenged these questionable practices to her direct supervisors, Viger and Engler."

On November 14, 2022, Verrett filed an opposition to the exception of no cause of action filed by Appellees and Engler, again stating, "Plaintiff challenged these questionable practices to her direct supervisors, Viger and Engler." She further claimed that while "employer" is not defined in the Whistleblower Act, the definition found in the Worker's Compensation Act, La.R.S. 23:302(2), defines an employer as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." Verret asserted that the most important element in determining whether an "employment relationship" exists is the right of control and supervision over an individual. Verret also filed, on November 14, 2022, an opposition to the peremptory exception of no cause of action by Lake Wellness Center.

On November 16, 2022, Engler filed a motion for attorney's fees. On November 17, 2022, Engler also filed a peremptory exception of no cause of action.

2

On November 21, 2022, Lake Wellness filed a reply memorandum in support of its no cause of action and requested an award for attorney fees. On November 21, 2022, Appellees filed a reply memorandum in support of their no cause of action and a motion for attorney fees.

Following a November 28, 2022 hearing on all of the defendants' peremptory exceptions of no cause of action and motions for attorney fees, the trial court, in three separate judgments filed on December 1, 2022, ruled as follows:

1. Denied Leonard Franques, Michelle Franques, and Roy Vigers' motion to assess attorney fees and costs, and assessed costs of the hearing to them.

2. Sustained Lake Wellness Center's peremptory exception of no cause of action and allowed plaintiff to amend the petition with[in] 14 days. It assessed all costs, excluding attorney's fees, associated with the hearing against Verrett.

3. Sustained Leonard Franques, Michelle Franques, and Roy Viger's exception of no cause of action and dismissed Verrett's claims against them. It assessed all costs associated with the hearing to Verrett.

Verret filed her third amending and supplemental petition on December 8, 2022, to allege specific violations of the law, including theft and Medicaid fraud. On December 22, 2022, Verrett filed an opposition to Engler's exception of no cause of action and motion for attorney fees.

On February 1, 2023, Verret appealed the judgment dismissing the Appellees. On February 6, 2023, the Appellees filed a peremptory exception of res judicata, a second peremptory exception of no cause of action, and a motion for sanctions. Lake Wellness Center filed an answer and reconventional demand that same day. On April 13, 2023, the Appellees answered the appeal.

The Appellees filed a motion to strike and for contempt of court on May 24, 2023. Verrett filed an opposition to the motion to strike and for contempt of court on May 30, 2023.

## ASSIGNMENTS OF ERROR

Verrett assigns as error:

1. A cause of action exists when the well-pleaded facts establish legal relief. Because Verrett's initial and amending petitions state causes of action against the individual Appellees for kickback violations, multiple violations of Medicaid and Louisiana Department of Health regulations, and fraud, the trial court erred in dismissing with prejudice her claim against Michelle Franques, Leonard Franques, Roy Viger, Matt Engler, and others.

2. When the grounds of an objection pleaded by peremptory exception may be removed by amendment of the petition, La. C.C.P. art. 934 provides a court *shall* order a party to make such amendment. Because Verrett makes allegations against the named individuals which can be further developed in light of daily reports of illegal acts between the named defendants, Dusty Guidry, and others, the trial court erred by granting Appellees' peremptory exception with prejudice without permitting Verrett to amend her petition.

3. Under La.R.S. 23:967(D), only an *employer* may be entitled to reasonable attorney fees if a court determines an employer's act or practice is not in violation of the law and a lawsuit claiming such is in bad faith. Similarly, La.R.S. 23:303( D) requires a factual finding the suit is frivolous. Because the trial court correctly determined Verrett's suit is neither in bad faith nor frivolous, Appellees' answer seeking attorney fees should be rejected.

## DISCUSSION

### *Peremptory Exception of No Cause of Action*

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. *Ramey v. DeCaire,* 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118; *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,* 616 So.2d 1234, 1238 (La.1993). The purpose the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Ramey,* at 7, 869 So.2d at 118; *Everything on Wheels Subaru, Inc.,* 616 So.2d at 1235. No evidence may be introduced to support or controvert the exception of no cause of action. LSA–C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts

4

in the petition must be accepted as true. *Fink v. Bryant,* 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans v. Board of Commissioners of Orleans Levee District,* 93–0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Ramey,* at 7, 869 So.2d at 118.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. *Montalvo v. Sondes,* 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Ramey,* at 7, 869 So.2d at 119; *City of New Orleans,* at 28, 640 So.2d at 253. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is *de novo. Fink,* at 4, 801 So.2d at 349; *City of New Orleans,* at 28, 640 So.2d at 253. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Ramey,* at 8, 869 So.2d at 119.

*Scheffler v. Adams and Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-647.

In order for a plaintiff to obtain whistleblower status under the Whistleblower Act, La.R.S. 23:967, she must meet the statutory requirements (emphasis added):

A. *An employer* shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:

(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.

(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.

(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.

C. For the purposes of this Section, the following terms shall have the definitions ascribed below:

(1) "Reprisal" includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.

(2) "Damages" include compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal.

D. If suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.

A claim must be brought against an "employer." La.R.S. 23:967(A). On the face of the petitions, these three individuals are not Verret's employers. All three of her petitions refer to her former employer as Lake Wellness Center. Her initial petition asserts she is a "former employee of LWC" and that "on May 10, 2021, LWC wrongfully terminated" her.[2] In her second petition that named Appellees as defendants, Verrett asserts in paragraph two (emphasis hers), "Plaintiff desires to supplement her petition to add additional facts about her wrongful termination by LAKE WELLNESS CENTER ON MAY 10, 2021." Verrett stated that Leonard Franques had "executive control" over her and placed her under the direct supervision and control of Viger. However, she never refers to him as her "employer." The only mention of any of the Appellees being her "employer" is in paragraph 11 of the petition where Verrett states:

11.

As an employee, plaintiff reported to her employers, *Roy Viger* and Matthew Engler, as they had direct supervisory authority over her, with Roy Viger specifically having direct payroll supervision and

---

[2] We note that there are no facts in the petitions supporting Verrett's claims of employment discrimination pursuant to La.R.S. 23:301.

6

approval over her compensation as well as all employees of Lake Wellness, LLC.

However, later in the petition, after detailing the alleged wrongdoing, Verrett in paragraph 21, stated "Plaintiff challenged these questionable practices to her direct supervisors, Viger and Engle." She never details how Michelle Franques is an "employer," only noting that she is also an owner of Lake Wellness Center along with Leonard. Although in paragraph 11 she names Viger as an "employer," she plainly refers to him as her supervisor in the same petition and subsequent petitions, and correctly refers to Lake Wellness Center as her employer who allegedly wrongfully terminated her.

Verrett argues that the definition of "employer" found in the worker's compensation statute, La.R.S. 23:302(2), should apply and that the right of control over an individual should be the determining factor. We disagree. While the definition of employer for purposes of determining worker's compensation coverage has been applied to a whistleblower claim, the unreported case cited by Verrett, *Jones v. JCC Holding Co.,* 2001 WL 537001 (E.D. 2001), concluded that supervisors were not employers (emphasis added):

> The court in *Dronet v. Lafarge Corporation*, 2000 WL 1720547 (Clement, J.) (E.D.La.2000) held that the definition of an employer under La. R.S. 23:302 was applicable to a claim under the "whistleblower" statute, La. R.S. 23:967, *and thus the plaintiff's claim under that statute against his individual supervisor must be dismissed.* This Court finds no reason that this holding would not equally apply to Jones' claims under La. R.S. 23:967 against *her two individual supervisors* and the two non-debtor defendants who were not her employer.

Moreover, a panel of this court in *Hunter v. Rapides Parish Coliseum Authority*, 14-784, pp. 6-8 (La.App. 3 Cir. 2/4/15), 158 So.3d 173, 177-78, *writ denied*, 15-0737 (La. 6/1/15), 171 So.3d 934, expressly declined to apply the

7

definition of "employer" found in the Worker's Compensation statute to

whistleblower claims:

> In *Anderson v. Ochsner Health System*, 13-2970, p. 4
> (La.7/1/14), ——So.3d ——, 2014 WL 2937101 (citations omitted),
> the supreme court addressed statutory interpretation, explaining:
>
>> The paramount question in all cases of statutory
>> interpretation is legislative intent; ascertaining the reason
>> that triggered the enactment of the law is the fundamental
>> aim of statutory interpretation. The rules of statutory
>> construction are designed to unveil and enforce the intent
>> of the legislature. Legislation is the solemn expression of
>> legislative will; thus, interpretation of a statute involves
>> primarily a search for the legislature's intent.
>>
>> In ascertaining the true meaning of a word, phrase,
>> or section of a statute, the act as a whole must be
>> considered. When doubt exists as to the proper
>> interpretation of a statute, the title or preamble may be
>> used to determine legislative intent.
>
> Chapter 9 is entitled "Miscellaneous Provisions." Section 967 is
> located in Part III of Chapter 9; Part III is entitled "Interference with
> Individual Rights." Chapter 3–A is entitled "Prohibited
> Discrimination in Employment." Section 302 is located in Part I of
> Chapter 3–A; Part I is entitled "General Provisions." Parts II–VII of
> Chapter 3–A identify the specific types of discrimination prohibited
> by Chapter 3–A, e.g., age, disability, pregnancy.
>
> The placement of Section 967 in Chapter 9, Part III, which
> addresses employers' interference with employees' individual rights,
> as opposed to employers' discrimination against employees addressed
> in Chapter 3–A, indicates that the legislature intended Section 967 to
> protect employee's individual rights. This placement does not indicate
> that the legislature intended for it to be treated as a statute prohibiting
> discrimination as argued by the Authority. This conclusion is
> strengthened when we consider: (1) the purpose of Chapter 3–A is to
> prohibit discrimination; (2) the terminology contained in La.R.S.
> 23:302 limits its application to Chapter 3–A; (3) the intent of Section
> 967 is to provide a remedy to employees whose employers retaliate2
> against them for exercising their individual right to report the
> employers' violations of state law, and (4) nothing in Chapter 9 or
> Section 967 indicates that the legislature intended to define employer
> for purposes of those provisions by the definition contained in Section
> 23:302.
>
> Considering the limiting use of "this Chapter" in La.R.S.
> 23:302 and the lack of an indication in Chapter 9 and Section 967 that

La.R.S. 23:302's definition of employer applies to Chapter 9, we decline to extend the definition as argued by the Authority.

We agree with the statutory interpretation noted above. Furthermore, the end result of implementing Verrett's line of reasoning would be that any employee who supervises or manages others could be liable under the Whistleblower Act for wrongful termination. This result would be in complete abrogation of the employment at will doctrine which has a strong foothold in this state as we recently noted in *Sonnier v. Diversified Healthcare-Lake Charles, LLC*, 22-420 (La.App. 3 Cir. 4/26/23), 364 So.3d 1213.

*Individually*

Verrett argues she has claims against Appellees personally for crimes they allegedly committed. While Verrett devotes a large portion of her brief setting forth the alleged crimes and wrongdoings of the Appellees and even introduces new facts never before raised in connection with criminal proceedings brought against an East Baton Rouge Parish city official, the merits of this case are not before this court. Moreover, Verrett has no standing against the individuals for fraud, theft, Medicare fraud, or any other crimes alleged. These claims do not change the fact that a whistleblower claim must be brought against an employer.

*Piercing the Corporate Veil*

Verrett also raises a "piercing the corporate veil" argument in brief. This appeal is limited to the exception of no cause of action granted because the Appellees are not her employers within the meaning of the Whistleblower Act. She argues "the individual defendants may be liable to Verrett for mismanagement of the entity by engaging in the violation of state and federal law or otherwise thwarting the public policies of state and federal law," and asserts it may be an

9

appropriate case for piercing the corporate veil. She cites no law in support of her argument, but for the reasons noted above, this issue is not before this court.

The trial court did not err in granting the defendants' peremptory exception of no cause of action, as a wrongful termination claim in violation of the Whistleblower Statute must be brought against an employer. Appellees were not Verrett's employer. This assignment of error is without merit.

*Amendment of Petition*

In this assignment of error, Verrett argues the trial court erred by failing to provide "her an opportunity to amend her pleadings within a reasonable time period to state a cause of action and to make more specific some of the assertions of wrongdoings."

Louisiana Code of Civil Procedure article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Verret argues the trial court should have allowed amendment of the petition or that we should remand to allow for amendment of the petition to include additional facts "in light of daily reports of illegal acts between the named defendants." Even if accepted as true, this will not convert the Appellees into "employers" within the definition of the statute. There are no additional facts that could transform them into "employers" for purposes of the Whistleblower Act. Lake Wellness Center was Verrett's employer. This assignment is without merit.

10

*Attorney Fees*

The Appellees appeal the trial court's denial of its motion for attorney fees. The trial court denied the Appellees' motion to award attorney fees finding that Verrett's claim was not frivolous or in bad faith under La.R.S. 23:967(D), La.R.S. 23:303(B)[3] (employment discrimination attorney-fee provision), or La.Code Civ.P. art. 863.[4] The trial court found that, because it had just held that the Appellees were a "non-employer," no attorney fees were due under La.R.S. 23:967(D) and that La.R.S. 23:303(B) was inapplicable because its ruling did not pertain to the claim itself, only whether Verrett had a cause of action against these particular people. Appellees noted that Verrett had asserted no facts supporting a discrimination claim. The trial court further found no sanctionable actions under La.Code Civ.P. art. 863.

Verrett argues the trial court's denial should be affirmed particularly because the statute the Appellees rely upon, La.R.S. 23:967(D), authorizes the *employer* to

---

[3] Louisiana Revised Statutes 23:303(B) states: "A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs.

[4] Louisiana Code of Civil Procedure art. 863 states in pertinent part:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> . . . .
>
> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

be entitled to reasonable attorney fees. Verrett also advances the argument that Appellees repeated urging that they should be awarded attorney fees "serves as a judicial admission that Appellees are Verrett's employer."

In *Hanna v. Shell Exploration and Prod., Inc.*, 17-293, p.32 (La.App. 4 Cir. 12/6/17), 234 So.3d 179, 201, the appellate court noted that the language of La.R.S. 23:967(D) "is clearly permissive" and the language of La.R.S. 23:303(B) "gives the district court discretion whether or not to award attorney's fees." Because the statutes "leave the issue of attorney's fees to the discretion of the trial court," we cannot say it manifestly erred in declining to award sanctions under either La.R.S. 23:967(D) or La.R.S. 23:303(B). *Id.*

The decision to award attorney fees under La.Code Civ.P. art. 863 is reviewed for abuse of discretion. *Boudreaux v. Boudreaux*, 22-804 (La.App. 3 Cir. 7/5/23), 368 So.3d 754; *Louisiana Bd. of Supervisors v. Johnson*, 20-272 (La.App. 3 Cir. 4/07/21), 318 So.3d 292, *writ denied*, 21-618 (La. 9/27/21), 324 So.3d 98. The trial court did not abuse its discretion in declining to award attorney fees pursuant to La.Code Civ.P. art. 863. We further find that the pursuit of attorney fees under La.R.S. 23:967(D) is not a judicial confession that the Appellees were Verrett's employer. This assignment is without merit.

***Motion to Strike and for Contempt of Court***

On appeal, Defendants filed a motion to strike and for contempt of court because Verrett's reference in her appeal to matters not in the record are an "obvious bad faith injection of irrelevant references in an attempt to suggest scandal" for which Verrett's attorney should be held in contempt.

Verrett's opposition to the motion requests that we take judicial notice of the newly discussed information contained in her brief. We decline. This information has no relevance to our findings on appeal. The "scandalous" nature of the

material has no bearing whatsoever on whether Appellees are an "employer" under the Whistleblower Act.

Verrett also argues that contempt of court is not warranted because the brief contains nothing that is "vile, obscene, obnoxious, or offensive." She suggests that while the materials may be "scandalous," she cannot be held in contempt for merely pointing out their existence. While we agree that the inclusion of these materials was inappropriate, we decline to sanction Verrett's counsel as they had no bearing on our findings. However, we grant the motion to strike any information that is outside of Verrett's pleadings in the record. *See* Uniform Rules–Courts of Appeal, Rule 2-12.2(B); *Misita v. St. Tammany Parish Gov't*, 18-1595 (La.App. 1 Cir. 9/11/19), 286 So.3d 440, *writ denied*, 19-1877 (La. 1/28/20), 291 So.3d 1060.

## CONCLUSION

The judgment of the trial court granting the Defendants-Appellees, Michelle Franques, Leonard Franques, and Roy Viger's peremptory exception of no cause of action is affirmed; the trial court's denial of their motion for attorney fees is affirmed; their motion for sanctions is denied; and their motion to strike is granted.

Costs of this appeal are assessed to plaintiff-appellant, Alisha Verrett.

**AFFIRMED;**
**MOTION FOR SANCTIONS DENIED;**
**MOTION TO STRIKE GRANTED.**

ALISHA VERRETT                                    COURT OF APPEAL

VERSUS                                            THIRD CIRCUIT

LAKE WELLNESS CENTER, L.L.C.                      STATE OF LOUISIANA

## <u>ORDER</u>

Considering the Motion to Strike filed on behalf of Appellees, Michelle Franques, Leonard Franques, and Roy Viger:

IT IS ORDERED that the Motion to Strike is hereby GRANTED;

IT IS FURTHER ORDERED that the following portion of the original Appellant Brief filed on behalf of Alisha Verrett be and are hereby stricken:

- Footnote 3 on page 10 of Verrett's Original Brief;

- The discussion beginning on page 11 of Verrett's original Brief in the paragraph that begins, "Other public events have transpired. . . " continuing through the end of the full paragraph on page 12;

- Footnote 6 on page 11;

- Footnote 7 on page 12; and

- The first paragraph on page 16 under the heading "discussion and Argument."

Lake Charles, Louisiana, this _____ day of _____, 2023.


_____
**THIRD CIRCUIT COURT OF APPEAL**